IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL ROBERT TOWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-1146 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of September, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications[1] for disability insurance benefits and supplemental security income on November 25, 2008, alleging a disability onset date of March 2, 2007, due to chronic obstructive pulmonary disease ("COPD"), chronic bronchitis, emphysema and restless leg syndrome. Plaintiff's applications were denied initially. Following a video hearing held on August 17, 2010, an ALJ issued a decision on December 8, 2010, finding that plaintiff is not disabled. On July 20, 2011, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 46 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). He has at least a high school education and has past relevant work experience as a pizza worker, security guard, tank tender and material handler, but he

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and had acquired sufficient quarters of coverage to remain insured only through December 31, 2010. Accordingly, plaintiff must establish disability on or before that date to be entitled to Title II benefits.

⊛AO 72
(Rev. 8/82)

- 2 -

has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of COPD, asthma and restless leg syndrome, those impairments, alone or in combination, do not meet or medically equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. (R. 15).

The ALJ also found that plaintiff retains the residual functional capacity to perform work at the sedentary exertional level but with a number of restrictions accounting for the limiting effects of his impairments, including, *inter alia*, a limitation to occupations that would permit use of a portable oxygen unit. (R. 15). A vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including garment folder, telephone solicitor and receptionist. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ erred at step 3 by failing to consider adequately whether plaintiff's COPD, alone or in combination with his asthma, is medically equivalent to Listing 3.02A; and, (2) the ALJ erred

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920.

at step 5 by finding that plaintiff is able to perform sedentary work with the use of a portable oxygen unit. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, the ALJ found that plaintiff suffers from the severe impairments of COPD, asthma and restless leg syndrome and properly identified the corresponding Listings for those impairments as the Listings at 1.00, *et seq.*, (impairments of the musculoskeletal system) for restless leg syndrome, Listing 3.02 for COPD and Listing 3.03 for asthma. He then adequately explained why plaintiff's impairments, alone or in combination, do not meet or medically equal the severity of any of those relevant listed impairments. (R. 15); see Burnett, 220 F.3d at 120, n.2.

In particular, the ALJ noted that "[plaintiff's] COPD does not meet or medically equal the criteria of listing 3.02 because his FEV1 [one-second forced expiratory volume] has been over 1.25 liters ...." [3] (R. 15). As to plaintiff's asthma, the ALJ found that "it does not meet or medically equal the criteria of listing 3.03 because there is no medical evidence of (A) chronic asthmatic bronchitis or (B) attacks, in spite of prescribed treatment and requiring physical intervention, occurring at least once every 2 months or at least six times a year." (R. 15).

Plaintiff does not dispute the ALJ's finding that his COPD does not <u>meet</u> the listing at 3.02A. Instead, plaintiff contends that the ALJ did not adequately consider whether plaintiff's COPD, alone or in combination with his asthma, <u>medically equals</u> the Listing at 3.02A,[4] and he seeks a remand in order for the ALJ to further develop the record as to medical equivalence.

---

[3] The criteria for meeting Listing 3.02A are: "chronic pulmonary obstructive disease, due to any cause, with the FEV1 equal to or less than the values specified in table I corresponding to the person's height without shoes." Plaintiff's height without shoes has been documented as 64" (R. 317) or 65" (R. 423; 449). According to table 1, in order to meet listing 3.02A, an individual who is 64-65 inches tall without shoes must have an FEV1 equal to or less than 1.25 L., BTPS (liters, body temperature and pressure saturated with water vapor). Here, the record contains the results of numerous pulmonary function studies, with the lowest FEV1 result recorded as 1.36 L, BTPS.

[4] The ALJ also found that plaintiff does not meet Listing 3.02B (chronic restrictive ventilatory disease) because his "FVC [forced vital capacity] has been over 1.45 [L, BTPS]." Plaintiff has raised no challenge to the ALJ's finding that plaintiff does not meet or medically equal Listing 3.02B. Nor does he contest the ALJ's findings that his asthma does not meet or medically equal Listing 3.03, and that his restless leg syndrome does not meet or medically equal any of the listings at 1.00, *et seq.*, for impairments of the musculoskeletal system.

Under the regulations, an impairment is medically equivalent to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§404.1526(a) and 416.926(a). If a claimant has an impairment described in the listings and exhibits all of the findings specified in the particular listing, but one or more of the findings is not as severe as specified in the listing, the claimant's impairment will be found to be medically equivalent to the listing "if [the claimant] has other findings related to [the] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. §§404.1526(b)(1) and 416.926(b)(1). Medical equivalence also can be found for a combination of impairments, no one of which meets a listing, if the findings related to the claimant's impairments are at least of equal medical significance to those of a listed impairment. 20 C.F.R. §§404.1526(b)(3) and 416.926(b)(3).

Medical equivalence is to be determined by considering "all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding." 20 C.F.R. §§404.1526(c) and 416.926(c). Significantly, the regulations explicitly provide that the ALJ is to consider the opinion on equivalence given by medical consultants designated by the Commissioner. Id. The ultimate responsibility for deciding medical equivalence rests with the ALJ. 20 C.F.R. §§404.1526(e) and 416.926(e).

Here, the ALJ explicitly found that plaintiff does not have an impairment, or combination of impairments, that medically equals any of the Listed impairments. (R. 15). In reaching this conclusion, the ALJ stated that he evaluated "medical and other evidence pertaining to [plaintiff's] medically determinable impairments" and the record makes clear that he did just that. Significantly, no medical source of record suggested that plaintiff's impairments, alone or in combination, are medically equivalent to any listed impairment, and the state agency reviewer concluded that plaintiff does not meet or medically equal a listing. (R. 321-27).

Although plaintiff contends that the ALJ failed to comply with the standards of Burnett in setting forth the reasons for his finding, "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Here, as already noted, the ALJ identified the relevant listed impairments and discussed all of the medical evidence and concluded that the findings related to plaintiff's impairments, alone or in combination, are not of equal medical significance to any listed impairment. (R. 15-17). The fact that the ALJ discussed the medical evidence in detail in his discussion of residual functional capacity, instead of including that discussion

twice, does not run afoul of Burnett. See Cop v. Commissioner of Social Security, 226 Fed. Appx. 203, 208 (3d Cir. 2007).

The regulations require that a finding of medical equivalence be supported by "findings related to our impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. §§404.1526(b)(1)(ii) and 416.926(b)(1)(ii). (emphasis added). Here, plaintiff has failed to meet his burden of presenting any findings of equal medical significance to the criteria of Listing 3.02A, and the medical evidence of record does not support such a finding. See Hollis v. Commissioner of Social Security, 116 Fed. Appx. 396, 398 (3d Cir. 2004). The court is satisfied that the ALJ's step 3 finding that plaintiff's COPD, alone or in combination with his asthma, does not medically equal Listing 3.02A, is supported by substantial evidence.

Plaintiff's remaining argument is that the ALJ's step 5 determination[5] that plaintiff can perform a limited range of sedentary work with the use of a portable oxygen tank is not supported by substantial evidence. Specifically, plaintiff contends that the ALJ's conclusion that plaintiff can perform work with a portable oxygen tank is not supportable because the vocational expert testified that all work would be precluded if

---

[5] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

the use of the oxygen equipment would interfere with production standards (R. 65), *i.e.*, would result in the individual being off-task greater than 10% of the time (R. 66-67), and further testified that he could not discern whether plaintiff's need for a portable oxygen unit would interfere with his productivity to that extent. (R. 67). Plaintiff's argument is unpersuasive.

Although the vocational expert testified that <u>he</u> could not determine whether plaintiff would be off-task greater than 10% of the time because of his portable oxygen unit, it is not the vocational expert's task to make that determination. Rather, the extent to which an individual would be off-task is an issue relating to that individual's residual functional capacity, and the responsibility for assessing residual functional capacity lies solely with the ALJ. 20 C.F.R. §§404.1526(c) and 416.926(c).

Here, the ALJ did not incorporate a limitation into his residual functional capacity finding that plaintiff would be off-task greater than 10% of the time due to the use of a portable oxygen unit and the record does not support such a limitation. None of plaintiff's treating or reviewing physicians indicated that plaintiff's use of a portable oxygen unit would put him off task during the work day. To the contrary, Dr. Edde, plaintiff's treating pulmonologist, explicitly stated that plaintiff had "no need for 02 during the day," (R. 412), and the state agency physician also noted "no medical evidence of need for 02 24/7" (R. 326). Plaintiff also indicated at the hearing that he uses his oxygen at night and during the day "as needed." (R. 19).

As there is no evidence in the record that plaintiff's use of a portable oxygen unit would interfere with his ability to meet productivity standards during a work-day, the ALJ did not err by not including in his residual functional capacity a limitation that plaintiff would be off-task greater than 10% of the time because of his use of a portable oxygen unit. Likewise, he did not err in rejecting the vocational expert's response that an individual who would be off-task greater than 10% of the work day because of a portable oxygen unit would be precluded from work.

A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), and the additional limitation advanced by plaintiff is supported neither by the objective medical evidence nor by plaintiff's daily activities. Accordingly, the vocational expert's response to plaintiff's hypothetical properly was disregarded. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the vocational expert's testimony that plaintiff can perform the jobs that he had identified "so long as the use of a portable oxygen tank does not interfere with accepted levels of productivity," constitutes substantial evidence supporting the ALJ's step 5 finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Gregory T. Kunkel, Esq.
Kunkel & Fink, LLP
Brentwood Professional Bldg.
4411 Stilley Road, Suite 206
Pittsburgh, PA 15227

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219